UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-61161-CIV-MORENO/SIMONTON

JEFFERY J. THOMPKINS,

    Plaintiff,

v.

LIL' JOE RECORDS, et al.,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE OR DISMISS DEFENDANT'S REQUEST FOR APPELLATE ATTORNEY'S FEES

Presently before this Court is Plaintiff's Motion To Strike or Dismiss Defendant's Request For Appellate Attorney's Fees and Costs as Untimely Filed (DE # 313). This motion is referred to the undersigned Magistrate Judge (DE # 310). This motion is fully briefed (DE ## 317, 319). For the reasons set forth below, the motion is denied.

**I. Background**

Plaintiff brought suit alleging violations of the Copyright Act, 17 U.S.C. § 101 et seq. (DE # 12)

On December 8, 2004, the District Court entered an order granting Defendants' Motion for Final Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment, (DE # 235).

Plaintiff appealed this judgment. On February 5, 2007, the United States Court of Appeals for the Eleventh Circuit issued an opinion affirming the District Court's ruling on other grounds. *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294 (11th Cir. 2004).

On February 20, 2007, Defendants filed a motion in the Eleventh Circuit to transfer to this Court any application for appellate fees which Defendants might make (Ex. 1 to DE # 303).

On April 27, 2007, the Eleventh Circuit denied Plaintiff's petition for rehearing *en banc* (DE # 295 at 2).

On May 10, 2007, Defendants served their application for appellate fees, which incorporated a memorandum of law, on the Clerk of the United States Court of Appeals for the Eleventh Circuit (Ex. 1 to DE # 296). The Clerk of the Eleventh Circuit did not file the application due to the pendency of Defendants' motion to transfer to this Court Defendants' application for appellate fees. On May 22, 2007, the Eleventh Circuit granted Defendants' motion to transfer to this Court the application for appellate fees (DE # 293).

On June 1, 2007, the Eleventh Circuit issued its mandate (DE # 294).

On June 19, 2007, Defendants filed in this Court their memorandum in support of their application for appellate fees (DE # 296).

On July 27, 2007, Plaintiff filed the instant motion (DE # 313).

## II. The Instant Motion

### A. Plaintiff's Position

Plaintiff moves to strike or dismiss Defendants' application for appellate fees as untimely filed. In support thereof, Plaintiff contends that, pursuant to Local Rule 7.2, Defendants had ten days from June 1, 2007, the date on which the Eleventh Circuit issued its mandate, or until June 18, 2007, to file with the Court a memorandum in support of their application for appellate fees. Plaintiff goes on to contend that because Defendants did not file until June 19, 2007 a memorandum in this Court in support of their petition for appellate fees, Defendants' petition for appellate fees was untimely filed and should be struck (DE ## 313, 319).

### B. Defendants' Position

Defendants respond in opposition that because they had served on the Eleventh

2

Circuit a memorandum of law in support of their petition for appellate fees, they have satisfied the requirements of Local Rule 7.2., which only requires the filing of a memorandum in the District Court where no memorandum was originally submitted with the motion. In the alternative, Defendants note that since the Clerk of the Eleventh Circuit never filed Defendants' application, the application was not a "pending motion" at the time it was transferred to this Court, and that, therefore, Local Rule 7.2 does not apply (DE # 317).

### III. Analysis

Plaintiff's motion is denied, as Local Rule 7.2 does not apply to Defendants' application for appellate fees.

Local Rule 7.2 is captioned "MOTIONS PENDING ON REMOVAL OR TRANSFER TO THIS COURT", and states:

> When a court transfers or a party removes an action or proceeding to this Court and there is a pending motion for which the moving party has not submitted a memorandum, the moving party shall file a memorandum in support of its motion within ten days after the filing of the notice of removal or the entry of the order of transfer. Each party shall then comply with the briefing schedule provided in Local Rule 7.1.C. above.

Thus, Local Rule 7. 2 only applies to pending motions in which the moving party has not submitted a memorandum. Defendants' application for appellate fees, served on the Eleventh Circuit but never filed, incorporated by reference Defendants' Corrected Petition For Attorney's Fees and Costs (DE # 252), which contained a memorandum of law. *See* Ex. B to Ex. 1 to DE # 296. Thus, because Defendants' application to the Eleventh Circuit contained a memorandum of law, it was not subject to the requirements of Local Rule 7.2.

In the alternative, since Defendants' application for appellate fees was served on the Eleventh Circuit but was never filed, the application for appellate fees was never

pending in the Eleventh Circuit.  Thus, the application was not a pending motion, and Local Rule 7.2 would not apply to the subsequent memorandum which Defendant filed in support of its application for appellate fees (DE # 296).

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Strike or Dismiss Defendant's Request For Appellate Attorney's Fees and Costs as Untimely Filed (DE # 313), is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 4, 2008.

                                                         /s/ Andrea M. Simonton
                                                         **ANDREA M. SIMONTON**
                                                         **UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
The Honorable Federico A. Moreno
   Chief United States District Judge
All counsel of record