**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  02-61161-CIV-MORENO/SIMONTON**

**JEFFERY J. THOMPKINS,**

      **Plaintiff,**

**v.**

**LIL' JOE RECORDS, et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION RE: DEFENDANTS' PETITION FOR
ATTORNEY'S FEES AND COSTS AND MOTION FOR APPELLATE FEES**

      Presently pending before this Court are Defendants' Corrected Petition For

Attorney's Fees and Costs (DE # 252) and Defendants' Motion for Appellate Fees (*See* DE

# 296).  These motions are referred to the undersigned Magistrate Judge (DE # 310).

These motions are fully briefed (DE ## 259, 266, 277, 282, 303, 305, 314, 318).  For the

reasons set forth below, it is recommended that Defendants' petition for attorney's fees

and Defendants' motion for appellate fees be denied.

      I.  Factual Background[1]

      Plaintiff is a rap artist who was signed to a five year Exclusive Recording

Agreement in May, 1989 by Defendants' predecessor-in-interest, Luke Records, which

was controlled by Luther Campbell.  Plaintiff was required to record and deliver master

recordings for production and release by Luke Records.  Luke Records was given the

sound recording copyrights and a license to exploit the musical compositions.  In return,

Luke Records agreed to pay royalties to Plaintiff.  Plaintiff also signed an Addendum in

February 1992 in which he transferred 50% of all publishing copyrights in return for cash

_____

      [1] These facts in this section are taken from the Eleventh Circuit opinion in this
case.  476 F.3d at 1298-1302.

advances for each album and an increased royalty amount.

In March 1995, Luke Records became the subject of an involuntary Chapter 7 bankruptcy proceeding filed in the United States Bankruptcy Court for the Southern District of Florida.  In June 1995, Luther Campbell filed a Chapter 11 bankruptcy petition, Luke Records was permitted to convert its Chapter 7 bankruptcy proceeding into a Chapter 11 bankruptcy proceeding, and the bankruptcies were administered together.  In November 1995, Plaintiff filed a proof of claim in the Luke Records bankruptcy proceeding.  By mid-February 1996, a Joint Plan of Reorganization had been agreed to.  Luke Records and its associated entities would convey specified assets, including Plaintiff's copyrights, to Defendants Lil' Joe Records and Weinberger.  Luke Records and its associated entities would receive no royalties.  In return, Defendants would pay $800,000 to the bankruptcy estates.  On March 22, 1996, the bankruptcy court entered a confirmation order which stated, *inter alia*, that all executory contracts and unexpired leases were rejected.  The court also set a timetable for parties to the rejected contracts to file a proof of claim for damages resulting from the rejection.  Plaintiff did not file any such claim.  On April 8, 1996, Luke Records and its associated entities executed a copyright assignment to Defendants.

II.  Procedural Background

On March 5, 2002, Plaintiff brought suit alleging violations of the Copyright Act, 17 U.S.C. § 101 et seq.[2]  In his Amended Complaint, Plaintiff alleged that Defendants: violated the Copyright Act by using Plaintiff's copyrighted materials without authority from Plaintiff and/or without accounting to Plaintiff for royalties and monies owed to

---

[2] Plaintiff originally brought his case in the Northern District of Georgia, but it was then transferred to this Court.  See 476 F.3d at 1302.

Plaintiff (Count I); breached the Lanham Act by using Plaintiff's copyrighted works in commerce and giving false designation to the ownership of those copyrights (Count II). In Count III, Plaintiff asked that Defendants be enjoined from their alleged breaches of the Copyright and Lanham Acts.  Plaintiff further alleged that Defendants: have breached Plaintiff's contracts with Defendants' predecessor-in-interest by not providing the required accounting of royalties (Count IV); have been unjustly enriched by their actions (Count V); and are estopped from failing to comply with Plaintiff's contracts with Defendants' predecessor-in-interest because Plaintiff has detrimentally relied on those contracts (Count VI).  Plaintiff further asked that his contracts with Defendants' predecessor-in-interest be rescinded due to Defendants' failure to pay Plaintiff the required royalties (Count VII).   Plaintiff also alleged that Defendants made fraudulent misrepresentations to Plaintiff in order to induce Plaintiff to enter into the contracts with Defendants' predecessor-in-interest (Count VIII).  Plaintiff also moved for attorney's fees, costs and punitive damages (Count IX) (DE # 12).

On March 16, 2004, the Honorable Barry L. Garber, United States Magistrate Judge, entered a report and recommendation on Defendants' Motion for Final Summary Judgment and on Plaintiff's Motion for Partial Summary Judgment, which recommended that both motions be denied because there were triable issues of fact concerning many essential elements of the case (DE # 192).

On December 8, 2004, the District Court entered an order declining to accept the Report and Recommendation, granting Defendants' Motion for Final Summary Judgment and on Plaintiff's Motion for Partial Summary Judgment, finding that the judgment of the bankruptcy court should be accorded *res judicata* effect, and that Plaintiff's claims were, thus, barred by *res judicata* because the bankruptcy court had determined that the

disputed copyrights were part of the assets of Defendants' predeccesor-in-interest (DE # 235).  Plaintiff appealed this judgment.

Defendants then filed a motion for fees and costs (DE # 252), which was fully briefed.  The motion was denied without prejudice to renew pending the resolution of Plaintiff's appeal (DE # 289).

On February 5, 2007, the United States Court of Appeals for the Eleventh Circuit issued an opinion affirming the District Court's ruling on other grounds.  *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294 (11th Cir. 2004).  Initially, the Eleventh Circuit found it less than clear that the Confirmation Order of the Bankruptcy Court precluded altogether Plaintiff's claims in this case, but declined to base its ruling on that basis, and considered the merits.  *Id.* at 1302-03.  The Eleventh Circuit characterized Plaintiff's primary argument as being that under the 1989 Agreement, any copyrights which he had transferred to Defendants' predecessor-in-interest in return for royalties reverted to his ownership when Defendants' predecessor-in-interest rejected the relevant contracts as executory under the bankruptcy Joint Plan, and were not transferred to Defendants.  Therefore, Defendants infringed Plaintiff's copyrights when they exploited the copyrights after the bankruptcy.  *Id.* at 1304-05.  In the alternative, Plaintiff, relying on *Yount v. Acuff Rose-Opryland*, 103 F.3d 830 (9th Cir. 1996) and *Fain v. Irving Trust, Co.*, 80 F.3d 704 (2nd Cir. 1931), alleged that Defendants breached the original contracts with Defendants' predecessor-in-interest by failing to pay Plaintiff royalties in accordance with the 1989 Agreement.  *Id.* at 1311-12.

The Eleventh Circuit rejected Plaintiff's arguments, holding that Defendants' predecessor-in-interest had owned the copyrights, the rejection of the agreement freed Defendants' predecessor-in-interest from its duty to pay royalties under the contract,

and that Plaintiff's remedy for the breach was to make a claim in bankruptcy for pre-petition damages resulting from the breach, which could include a speculative claim for future royalties. *Id.* at 1306-08, 1313 at fn. 21. The Court noted that Plaintiff's claim for future royalties would be speculative and would likely only result in nominal damages. *Id.* at 1313 at fn. 21. The Eleventh Circuit rejected *Fain*, stating that the options stated in *Fain*, either returning the copyright to Plaintiff or requiring Defendants to pay post-petition royalties, are not possible under the bankruptcy code. *Id.* at 1313-14.[3]

On April 27, 2007, the Eleventh Circuit denied Plaintiff's petition for rehearing *en banc* (DE # 295 at 2).

On June 1, 2007, the Eleventh Circuit issued its mandate (DE # 294). On June 19, 2007, Defendants filed their memorandum in support of their application for appellate attorney's fees (DE # 296).

On July 10, 2007, the District Court granted Defendants' motion to reinstate their previously filed fees and costs petition (DE # 299).

On November 13, 2007, the United States Supreme Court denied Plaintiff's petition for certiorari. *See* 128 S.Ct. 613 (2007).

III. <u>The Pending Motions</u>

A. <u>Defendants' Corrected Petition For Attorney's Fees and Costs</u>

For the reasons stated below, it is recommended that Defendants' Corrected Petition for Attorney's Fees and Costs be denied. The undersigned finds that awarding attorney's fees would be unreasonable under the facts of this case, where Plaintiff, albeit unsuccessfully, raised an issue of first impression under the Copyright Act, which

_____

[3] The Eleventh Circuit also briefly rejected Plaintiff's claims of Lanham Act violations *(id.* at 1309-10); unjust enrichment *(id.* at 1314); promissory estoppel *(id.* at 1314-15); recission and restitution *(id.* at 1315); and fraud *(id.* at 1315-16).

supported by authority from the Second and Ninth circuits.

### 1. Defendants' Petition

Defendants, as the prevailing party, moved for $783,291.10 in attorney's fees pursuant to 15 U.S.C. § 505 (DE # 305).  Section 505 allows this Court, in its discretion, to allow the recovery of a reasonable attorney's fees and full costs to the prevailing party. Initially, Defendants contended that their defense of their rights supports important policies of the Copyright Act.  Defendants also argued that Plaintiff's claim was objectively unreasonable in that Plaintiff waited more than six years to file suit and because Plaintiff proceeded in the face of clear language in the bankruptcy court's Order.  Defendants further contend that Plaintiff's conduct was unreasonable in that he 1) inappropriately sought to reopen and relitigate the bankruptcy case; 2) went far beyond the legitimate issues in the case, attempting to cast aspersions on many individuals involved in the bankruptcy case; 3) pursued clearly immaterial issues and 4) engaged in objectively unreasonable discovery and litigation tactics.

Defendants also moved, in the alternative, for an award of their attorney's fees and costs during the District Court litigation, pursuant to Fed.R.Civ.P. 37(c)(2), alleging that Plaintiff improperly denied, in July 2002 and November 30, 2002, a request for admission that his signature on a document was genuine, causing Defendants to retain a handwriting expert, and that Plaintiff then admitted at his deposition that his signature on the document was genuine (DE # 252).

### 2. Plaintiff's Response

Plaintiff responds in opposition to Defendants' 15 U.S.C. § 505 argument that this is a case of first impression in the Eleventh Circuit, and that cases from two other circuits establish that a bankruptcy court may transfer copyrights or works of an artist,

but that the bankruptcy court cannot extinguish the purchaser's obligation to pay the artists for the post-bankruptcy exploitation of those works.  Plaintiff asserts that this case has important ramifications for artists who register their works and obtain copyrights under the Copyright Act, and the ability of record companies as licensees of those works to be able to transfer and destroy the artists' right to be compensated for the artists' creative works.  Plaintiff notes that Defendants' predecessor-in-interest rejected all artists' contracts.  Plaintiff contends that the bankruptcy trustee could only transfer the copyrights at issue subject to the transferees obligation to pay the artist post-bankruptcy royalties.  Plaintiff also states that he did not attempt to relitigate the bankruptcy court proceedings, but merely questioned Defendants' interpretation of some orders entered in the bankruptcy court.  Plaintiff further argues that he did not go beyond the legitimate issues in this case (DE # 259 at 2-8).

In response to Defendants' Rule 37(c)(2) argument, Plaintiff contends that he never disputed that his signature was on the agreements, but that he thought they were songwriter clearance forms and that he did not intend to transfer his music composition rights (DE # 259 at 8-9).  Plaintiff also notes that expert witness fees over $40.00 per day are not taxable under 28 U.S.C. § 1920 (DE # 259 at 1, 10).

### 3. Defendants' Reply

In reply, Defendants state that Plaintiff has applied the incorrect standard, and that Plaintiff does not dispute that an award of attorney's fees to Defendants would further the purposes of the Copyright Act.  Defendants further state that their primary arguments before the District Court were that the bankruptcy court determination was entitled to *res judicata* effect and that Plaintiff had unreasonably delayed in bringing this action.  Defendants further state that Plaintiff did deny that his signature was on certain

documents, and that his behavior was unreasonable (DE # 266).  Defendants also admit that expert witness fees for a handwriting expert are not taxable under Section 505, but can be awarded pursuant to Rule 37(c) (DE # 266 at 5, fn. 1).

> **4.  Plaintiff's Surreply**

In his surreply, Plaintiff takes issue with Defendants' argument that Plaintiff's litigation tactics were objectively unreasonable and increased litigation costs.  Plaintiff contends that the reasonableness of a case should be adjudged at the beginning of the litigation (DE # 277).

> **5.  Defendants' Response to Plaintiff's Surreply**

Defendants respond that Plaintiff's filing of this case was objectively unreasonable, in light of the bankruptcy court's orders and Plaintiff's six-year delay in filing the case.  Defendants also reiterate that Plaintiff's litigation conduct was objectively unreasonable in itself (DE # 282).

> **B.  Defendants' Motion For Appellate Fees**

> **1.  Defendants' Memorandum In Support of the Motion**

Defendants state that they rely on Section 505 and 18 U.S.C. § 1927 in support of their motion.  Initially, Defendants reiterate the arguments which they made in their Corrected Petition For Attorney's Fees and Costs (DE # 296 at 1-3, 4).  Defendants also cite additional authority supporting their position (DE # 296 at 3-4).  Defendants claim that Plaintiff's claim of copyright ownership was objectively weak, and that Plaintiff cited no case law which supported its position (DE # 296 at 4-5).  Finally, Defendants assert that Plaintiff's appeal unreasonably multiplied the litigation, in that 1) Plaintiff relied on an affidavit which Defendants contend was improperly filed, and 2) Plaintiff changed his position on appeal as to whether the contracts at issue were executory or executed (DE

# 296 at 5).

### 2.  Plaintiff's Response

Plaintiff responds in opposition that no award of appellate fees should be made under Section 505.  Plaintiff reiterates that he brought this action in good faith and appealed in good faith, as the central issue in this case was a matter of first impression in the Eleventh Circuit and because Plaintiff's position was supported by case law from other Circuit Courts of Appeals.

Plaintiff and Plaintiff's counsel further contend that Defendants are not entitled to an award of appellate fees under 18 U.S.C. § 1927 because the record does not contain any evidence of subjective or objective bad faith in the taking of the appeal or any evidence that the appeal was frivolous (DE # 303).

### 3.  Defendants' Reply

Defendants reply that Plaintiff continues to argue the merits of the case and that Plaintiff continues to make unsupported and objectively unreasonable statements about the facts and the law.  Defendants contend that Plaintiff's position was objectively unreasonable when it was first made (DE # 318).

Defendants continue to maintain that they are entitled to their attorney's fees from the District Court litigation under Rule 37(c)(2) (DE # 318 at 6).  Defendants also for the first time specifically state that they should be awarded, pursuant to Rule 37(c)(2), the expense of their handwriting expert - $2538.65 (DE # 318 at 6-7).  Defendants also for the first time contend that pursuant to Rule 26(b)(4)(C), they should be awarded $4,650.00 for the expenses incurred in connection with Plaintiff's October 22, 2003 deposition of Defendants' expert witness, one Mr. Stark (DE # 318 at 7, fn. 1).

## IV.  <u>Analysis</u>

### A.  <u>Defendants Should Not Be Awarded Attorney's Fees Under 15 U.S.C. § 505</u>

The undersigned recommends that Defendants not be awarded attorney's fees under 15 U.S.C. § 505.[4]

Defendants move for attorney's fees under 15 U.S.C. § 505, which states,

> In any civil action brought under this title, the court in its discretion may allow the recovery of full costs by or against any party. . . . Except as otherwise provided by this title, the court may also award a reasonable attorneys' fees to the prevailing party as part of the costs.

The United States Supreme Court has held that successful plaintiffs and defendants are equally entitled to recover costs and attorney's fees under Section 505. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

Factors to be considered by the court in determining whether to award fees include frivolousness, motivation, objective unreasonableness of the losing party's factual and legal positions, and the need in particular circumstances to advance considerations of compensation and deterrence.  *Fogerty v. Fantasy, Inc.*, 510 U.S. at 535.  A prevailing party in a copyright action need not prove blameworthiness or exceptional circumstances to be awarded attorneys' fees.  While the court may consider culpability, the court is not required to do so.  *See Fogerty v. Fantasy, Inc.*, 94 F.3d 553, 558 (9th Cir. 1998); *accord Sherry Mfg. Co. v. Towel King of Florida, Inc.*, 822 F2d 1031, 1034 (11th Cir. 1987).  In determining whether to award fees to a prevailing party, the court may not consider whether the losing party can afford to pay the fees, but must rather consider whether the imposition of fees will further the goals of the Copyright Act.

---

[4] Plaintiff has requested oral argument on these motions (DE ## 301 at 1, 303 at 19).  In light of the undersigned's recommendation that Defendants not be awarded attorney's fees, the request is denied.

*See Mitek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 843 (11th Cir. 1999).

Defendants should not be awarded attorney's fees under 15 U.S.C. § 505 because the central issue raised by Plaintiff in this case was an issue of first impression in this Circuit, which had been decided in Plaintiff's favor in other circuits. Thus, Plaintiff's position was not frivolous and was not objectively unreasonable either factually or legally. It is not a goal of the Copyright Act to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful. Therefore, an award of attorney's fees to Defendants here would not further the goals of the Copyright Act.

The primary theory advanced by Plaintiff at in the District Court was that in 1989, Plaintiff had signed a contract with Defendants' predecessor-in-interest, Luke Records, whereby Plaintiff would assign certain sound recording copyrights and a license to exploit the musical compositions to Luke Records. In return, Luke Records agreed to pay royalties to Plaintiff.

In 1995, Luke Records and its principal, Luther Campbell, filed for bankruptcy. In 1996, the bankruptcy court entered a confirmation order which stated, *inter alia*, that all executory contracts were rejected. Defendants paid $800,000 to the bankruptcy estates in return for the assets of Luke Records. On April 8, 1996, Luke Records and its associated entities executed a copyright assignment, including the copyrights obtained from Plaintiff, to Defendants. Thus, Defendants retain the copyrights which Plaintiff assigned to Luke Records and the license to exploit the musical compositions, but do not pay Plaintiff royalties.

In bringing this action, Plaintiff relied, in large part, on *In re Waterson, Berlin & Snyder, Co.*, 48 F.2d 704 (2d. Cir. 1931), an appeal in a bankruptcy case. Waterson,

11

Berlin & Snyder (hereafter Waterson), was a music publisher that had declared bankruptcy.  Prior to its bankruptcy, Waterson had purchased from Petitioner Fain and from other composers, all rights, including copyright, in musical compositions, in return for the payment of royalties.  *Id.* at 705-06. During the Waterson bankruptcy, the receiver offered to sell all rights in the musical compositions, free from the royalty claims.  Fain and the other composers objected to allowing the sale of the rights free from royalty claims.  The District Court stated that the contracts could be rescinded by the composers when the publisher is unable to fulfill its obligation to pay royalties.  The receiver appealed.  *Id.* at 706.

The Second Circuit stated that the appeal raised the questions of whether the copyrights could be sold at all and, if they could, whether they could be sold free and clear of royalties.  *Id.* at 706.  The Second Circuit reversed the District Court's decision, holding that the receiver could only sell the copyrights subject to the right to pay royalties to the composers.  *Id.* at 710-11.  The Second Circuit went on to find that rescission of the contract could only be granted in a future suit if the purchaser of the copyrights unreasonably refused to work the copyright.  *Id.* at 711.  *Accord Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 834 (9th Cir. 1996) ("We recognize that *Waterson* declared that the obligation to pay royalties cannot be severed from the ownership of the copyright itself and then destroyed in bankruptcy.  (citation omitted).  But that merely means that the copyright owner will always be burdened with the concomitant contractual obligation of paying royalties and cannot shrug it off through bankruptcy proceedings.").

The District Court granted summary judgment for Defendants solely on the ground that the prior Confirmation Order of the bankruptcy court in this matter selling

the copyrights to Defendants should be accorded *res judicata* effect, and did not reach the merits of Plaintiff's claim (DE # 235).

On Plaintiff's appeal, the Eleventh Circuit affirmed the District Court's ruling on different grounds.  Initially, the Eleventh Circuit stated that it was less than clear whether the Confirmation Order precluded altogether Plaintiff's claims, but found "it unnecessary to enter that thicket in [its] review." 476 F.3d at 1302-03.   The Eleventh Circuit then stated that it would examine the claims of the parties on the merits.  476 F.3d at 1303.

In rejecting Plaintiff's claims, the Eleventh Circuit also rejected Plaintiff's reliance on *Waterson*, finding that, neither of the options considered in *Waterson*, having the requirement to pay royalties travel with the copyrights or having the copyrights revert to Plaintiff when Luke Record rejected the relevant contracts, were possible under the current incarnation of the bankruptcy code.  476 F.3d at 1312.[5]  The Eleventh Circuit held that Plaintiff's remedy under the present bankruptcy code was to file a claim against the bankruptcy estate as a general unsecured creditor for a pre-petition breach of the contracts requesting the value of future royalties.  476 F.3d at 1313.  The Eleventh Circuit noted that Plaintiff's damages would have been speculative and would have likely only resulted in nominal damages.  476 F.3d at 1313, fn. 21.

The award of attorney's fees under Section 505 lies within the discretion of the District Court.  The undersigned finds that the purposes of the Copyright Act would not be served by awarding attorney's fees to Defendants in this case.  Plaintiff's argument

---

[5] After the issuance of the Eleventh Circuit opinion, the New York Law Journal published an article which noted that the Eleventh Circuit's opinion stood in "stark" contrast with the Second Circuit's previous opinion in *Waterson*.  Brian S. Herman and Justin G. Brass, *Recording Artists, Beware!* N.Y.L.J. Mar. 5, 2007, at 11.  The undersigned cites this article to support the proposition that the litigation served an important purpose with respect to copyright law.

under *Waterson* was not frivolous, was not raised in bad faith, and raised an issue of first impression in this Circuit. Defendants have not cited any cases which stand for the proposition that a prevailing party should be awarded attorney's fees where the losing party has brought an action in good faith relying on a non-frivolous legal ground. While Plaintiff's argument was ultimately unsuccessful, that fact does not mean that Plaintiff's argument did not raise an important issue which has now been decided for the first time in this Circuit.

Similarly, Defendants should not be awarded their appellate attorney's fees under Section 505. In granting summary judgment for Defendants, the District Court did not reach the merits of the case, but relied solely on a procedural ground. The appellate court declined to affirm on the procedural ground, and affirmed on the merits. Had Plaintiff not appealed the District Court's judgment, the issue of first impression which Plaintiff raised would not have been ruled upon in this Circuit. Thus, the undersigned finds that the purposes of the Copyright Act would not be served by awarding appellate attorney's fees to Defendants in this case, as Plaintiff's appeal was made in good faith and was not frivolous.

The cases upon which Defendants rely in support of their position that they should be awarded attorney's fees under Section 505 are factually distinguishable from this case. Indeed, in all of Defendants' cases, the prevailing defendant was awarded attorney's fees under Section 505 because the plaintiff's case was objectively unreasonable and/or was brought in bad faith, even though those are but two of the factors to consider in awarding Section 505 attorney's fees. Here, on the contrary, Plaintiff's case was not brought in bad faith, and was potentially meritorious, raising an issue of first impression in this Circuit.

In *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351 (S.D.N.Y. 2006), relied upon by Defendants, the District Court awarded attorney's fees under Section 505 to a prevailing defendant in a copyright infringement case.  In awarding fees, the District Court found that the plaintiff was improperly motivated in bringing the suit, and otherwise acted in bad faith, that the lawsuit was objectively unreasonable, and that a unique need existed for both compensation and deterrence.  In *Baker*, in awarding the prevailing defendant attorney's fees under Section 505, the court found that 1) the plaintiff had lied in discovery, prolonging the discovery process, *id.* at 356; 2) the plaintiff had filed the case in bad faith, to obtain publicity for the plaintiff and his counsel, *id.* at 358; and 3) the plaintiff's damage claim was objectively unreasonable, at almost 100 times the plaintiff's actual damages; *id.* at 358-59.  The court found that an award of attorney's fees was necessary to deter other plaintiffs from bringing unreasonable claims.  *Id.* at 359-60.

In this case, as previously stated, Plaintiff's claim was not unreasonable and raised an important issue of first impression in this Circuit, which had been decided in Plaintiff's favor in two other circuits.  There is no issue of deterrence here, as the Copyright Act is not intended to keep litigants from raising non-frivolous, good faith claims.

In *Maljack Productions v. Goodtimes Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996), relied upon by Defendants, the Ninth Circuit affirmed the District Court's award of attorney's fees to a prevailing defendant under Section 505.  *Id.* at 889-90.  In affirming the district court's award, the Ninth Circuit found that the district court had properly found that the case involved no complex or novel issues of law, and had found that the case was brought in bad faith.  *Id.* at 889.  The Ninth Circuit also awarded the prevailing

defendant attorney's fees on appeal under Section 505 , finding that the plaintiff's appeal was factually unreasonable, and that an award of fees might deter other baseless suits. *Id.* at 890-91.

In this case, Plaintiff raised an issue of first impression in this Circuit, and the case was not brought in bad faith.  As previously stated, if not for Plaintiff's appeal, the merits of this case would not have been resolved, and no ruling on the issue of first impression would have been obtained.  Finally, the instant suit was not baseless, and, thus, there is no issue of deterrence.

In *Garcia-Goyco v. Law Environmental Consultants, Inc.*, 423 F.3d 14 (1st Cir. 2005), relied upon by Defendants, the First Circuit affirmed the District Court's award of attorney's fees to a prevailing defendant under Section 505.  *Id.* at 20-22.  The First Circuit found that the award of fees was justified because the defendants had non-exclusive licenses to use the works at issue, and that, therefore, the plaintiffs had no colorable claim to assert in federal court, and the copyright infringement lawsuit was brought solely to bring a state court breach of contract claim between the parties into federal court.  *Id.* at 21-22.

Here, Plaintiff had a colorable claim to assert in federal court and this Court was without dispute the proper forum for the case.

In *Amadsun v. Dreamworks, LLC*, 359 F.Supp.2d 1367 (N.D. Ga. 2005), relied upon by Defendants, the district court granted attorney fees to a prevailing defendant under Section 505.  The district court had granted summary judgment for the defendants, finding that the plaintiff did not have valid copyright protection for his work, the plaintiff did not present any evidence of direct copying, the alleged infringing work was created by people who did not have access to the plaintiff's work and the plaintiff had failed to

present evidence that his work and the alleged infringing work were substantially similar. The Eleventh Circuit affirmed. *Id.* at 1373. In granting fees, the district court found that 1) the plaintiff had no valid basis for bringing his claim, *id.* at 1368, 2) the plaintiff brought the claim in bad faith, as evidenced by his lack of a valid basis and his failure to cooperate during discovery, *id.* at 1373-74; 3) the plaintiff's position was not objectively reasonable, as he did not own protectable copyrights for several of his works, including the work on which he primarily relied, the plaintiff presented no evidence of direct copying or circumstantial evidence of copying by the alleged infringers or that the alleged infringers had any opportunity to view his works, and the works were not substantially similar, *id.* at 1374-76. The Court noted that the plaintiff repeatedly asserted positions without any evidentiary support, making it impossible for the court to conclude that the plaintiff ever subjectively believed his positions were reasonable. *Id.* at 1376. The court also found that potential plaintiffs must be deterred from bringing litigation which alleges copyright infringement of works that are not copyright protected. *Id.* at 1376.

Here, Plaintiff had a valid basis to bring his claim and did not bring the claim in bad faith. His position was objectively reasonable, relying on cases from two other circuits with no case on point in this Circuit, and Plaintiff had previously owned the copyrights. Finally, the goal of the Copyright Act, is not to deter plaintiffs from bringing potentially meritorious actions.

Therefore, for the reasons stated above, it is recommended that Defendants not be awarded attorney's fees under Section 505.

### B. Defendants Are Not Entitled To Appellate Attorney's Fees Under 28 U.S.C. § 1927

Defendants contend that Plaintiff violated 28 U.S.C. § 1927 by appealing the

District Court's grant of summary judgment to Defendants, thus unreasonably and vexatiously multiplying the proceedings.  Defendants, therefore, request an award of their appellate attorney's fees from Plaintiff and from Plaintiff's counsel.  The undersigned Magistrate Judge finds that Plaintiff did not unreasonably and vexatiously multiplying the proceedings by appealing the District Court's summary judgment in favor of Defendants and that the appeal was not brought unreasonably or in bad faith. Therefore, the undersigned recommends that Defendants not be awarded their appellate fees under 28 U.S.C. § 1927.

Section 1927 states that any attorney admitted to conduct cases in any court of the United States who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.  The Eleventh Circuit has held that the provisions of § 1927, being penal in nature, must be strictly construed.  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997). Three essential requirements must be satisfied before sanctions are awarded under this section: 1) the attorney must engage in unreasonable and vexatious conduct; 2) that conduct must multiply the proceedings; and 3) the dollar amount of the sanction must not exceed the costs, expenses and attorney's fees reasonably incurred because of such conduct.  *Id.* at 1396; accord *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001).  The Eleventh Circuit has interpreted the term "vexatious", to mean frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.  *See United States v. Gilbert*, 198 F.3d 1293, 1296 (11th Cir. 1999).  This is the same standard that is applied in determining whether a prevailing defendant in case brought under 42 U.S.C. § 1988 is entitled to attorney's fees.

18

Something more than a lack of merit is required to award sanctions under Section 1927. *See McMahan v. Toto*, 256 F.3d at 1129; accord *Harriston v. Chicago Tribune Co.*, 136 F.R.D. 482, 485 (N.D. Ill. 1991) (denial of motion to disqualify attorney did not mean the motion was frivolous); *In re Chantilly Construction Corp.*, 39 B.R. 466, 473 (Bkruptcy. E.D. Va. 1984) (same).

As previously stated, Plaintiff did not bring his appeal in bad faith.  In granting summary judgment for Defendants, the District Court did not reach the merits of the case, but relied solely on a procedural ground.  The appellate court declined to affirm on the procedural ground, and affirmed on the merits.  Had Plaintiff not appealed the District Court's judgment, the issue of first impression which Plaintiff raised would not have been ruled upon in this Circuit.  In sum, Plaintiff's appeal was not unreasonable, and did not unreasonably multiply the proceedings.  Thus, the undersigned finds that as Plaintiff's appeal was made in good faith and was not frivolous, Defendants should not be awarded appellate attorney's fees under Section 1927.

C.  <u>Defendants Are Not Entitled To Their Attorney's Fees In The District Court Litigation Under Rule 37(b)(2)</u>

The undersigned rejects Defendants' argument that they are entitled, pursuant to Rule 37(b)(2) to an award of the attorney's fees which they incurred in obtaining summary judgment in the District Court.  No provision in Rule 37(b)(2) supports such a sweeping award.  Defendants have not provided any authority which supports their position.  Rule 37(b)(2) would have only allowed Defendants to have applied to the court, in a timely manner, for an order requiring Plaintiff to pay the reasonable expenses incurred, including reasonable attorney's fees, in proving that Plaintiff refused to admit a fact that he later admitted or was later proven.  Rule 37(b)(2) does not allow Defendants to be awarded attorney's fees for the entire litigation.

Fed.R.Civ.P. 37(c)(2) states,

**If a party fails to admit the genuineness of any document or the truth of any matter requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.  The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter or (D) there was other good reason for the failure to admit.**

The undersigned also rejects as untimely and procedurally barred Defendants' argument that, pursuant to Rule 37(b)(2), they are entitled to an award of $2,538.65 for the handwriting expert they retained after Plaintiff denied a request for admission stating that his signature was on certain documents, but before Plaintiff admitted at this deposition that his signature on those documents was genuine.  Defendants made this argument for the first time in a reply memorandum filed on August 3, 2007 (DE # 318 at 6-7).  Pursuant to Local Rule 7.1.C., a party may not raise a new argument in a reply brief. Moreover, pursuant to Local Rule 7.3, the request was untimely, as it was not made within thirty days of entry of the final judgment.   Furthermore, Plaintiff's deposition occurred on August 28, 2003, and, pursuant to Local Rule 26.1 H. 1, Defendants' failure to request this discovery sanction within 30 days, without making a showing a good cause, has resulted in a waiver of the relief requested.

Finally, the undersigned rejects Defendants' contention that, pursuant to Rule 26(b)(4)(C), they should be awarded $4,650.00 for the expenses incurred in connection with Plaintiff's October 22, 2003 deposition of Defendants' expert witness, one Mr. Stark (DE # 318 at 7, fn. 1).  Defendants made this argument for the first time in a reply memorandum filed on August 3, 2007.  Pursuant to Local Rule 7.1.C., a party may not

raise a new argument in a reply brief.  Moreover, pursuant to Local Rule 7.3, the request was untimely, as it was not made within thirty days of entry of the final judgment.

**V.  <u>Conclusion</u>**

In sum, the undersigned finds and concludes that Plaintiff brought this action, and pursued his appeal in good faith.  Plaintiff's litigation was not frivolous and did not unreasonably multiply the proceedings.  Plaintiff's litigation furthered the interests of copyright law by establishing in the Eleventh Circuit that copyrights owned by a bankrupt debtor, pursuant to a contract to transfer such copyrights in exchange for royalties, can then be transferred to the bankruptcy estate, which can reject the executory contract to pay royalties with respect to the copyrights, and then sell the copyrights.  In other words, Plaintiff's litigation established for the first time in the Eleventh Circuit that the rights to a copyright can be severed in bankruptcy from the obligation to pay royalties regarding that copyright.

Therefore, for the reasons stated above, it is hereby

**RECOMMENDED** that Defendants' Corrected Petition For Attorney's Fees and Costs (DE # 252) and Defendants' Motion for Appellate Fees (*See* DE # 296), be **DENIED**.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the Honorable Federico A. Moreno, Chief United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996

F.2d 1144, 1149 (11ᵗʰ Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on March 4, 2008.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
     Chief United States District Judge
All counsel of record